Lin v. Holder

BIA
Videla, IJ
A094 922 033

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fourteen.

PRESENT:
        RALPH K. WINTER,
        ROSEMARY S. POOLER,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

YIE LIN,
        *Petitioner*,

        v.                                   12-4440
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New
                         Jersey.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; Theodore C. Hirt, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yie Lin, a native and citizen of the People's Republic of China, seeks review of an October 11, 2012, decision of the BIA affirming an April 14, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yie Lin*, No. A094 922 033 (B.I.A. Oct. 11, 2012), *aff'g* No. A094 922 033 (Immig. Ct. N.Y. City Apr. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin asserted eligibility for asylum based on fines imposed for his violation of the family planning policy and

his wife's forced sterilization. The agency reasonably rejected Lin's past persecution claim. Lin cannot claim past persecution based on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (holding that applicant is not eligible for asylum based on forcible sterilization undergone by spouse; emotional loss individual may suffer following spouse's involuntary sterilization does not constitute persecution). The IJ also reasonably concluded that the fines did not rise to the level of persecution because Lin failed to provide any evidence establishing that the fines caused him "severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Contrary to Lin's argument, the IJ applied the correct standard of review in analyzing his fear of future persecution based on his Falun Gong practice. Although the BIA did not parse Lin's argument, remand for consideration of this argument is futile. The IJ did not, as Lin contends, improperly hold Lin to a higher burden of proof. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008)

3

(finding that remand is futile when the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)).  Nor did the agency err in concluding that Lin failed to establish a well-founded fear of persecution on account of his practice of Falun Gong.  Given his testimony that he would only practice Falun Gong within his own home, Lin did not demonstrate "that authorities in [China] are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Because Lin was unable to show the objective fear of persecution needed to make out an asylum claim, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010)("Withholding of removal and CAT relief entail a greater likelihood of future persecution than that required for the grant of asylum.").

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk